ELLIS, Judge:
Plaintiff Acadian Office Center, Inc. is the owner of an office building located at 1012 South Acadian Thruway in Baton Rouge, Louisiana, which is adjacent to a Pak-A-Sak store. Acadian Thruway is a four lane paved thoroughfare, which is divided by a raised median strip. At some time in the past, prior to the construction of plaintiff’s building, the median strip in front of the Pak-A-Sak store was removed, permitting northbound traffic on Acadian to turn left into the Pak-A-Sak parking lot.
Both before and after the construction of the office building, plaintiff’s president had made informal attempts to have the median strip removed in front of plaintiff’s building, but no formal application had been filed with the appropriate authority.
In 1970, a joint Federal-State-Parish project for the re-surfacing and improvement of Acadian Thruway was initiated. The plans called for no design changes in the vicinity of plaintiff’s property and the Pak-A-Sak store. In connection therewith, it was contemplated that the old median strip be removed, the street re-surfaced and a new median strip laid down in the same location as the old.
After the old strip was removed and the street re-surfaced, the laying of the new median strip was begun. As the operation approached plaintiff’s location, this suit was filed asking for a temporary restraining order, preliminary injunction, and, finally, a permanent injunction to prevent the median strip from being replaced in front of the building.
Despite the fact that neither the supporting affidavit nor the bond required by law was furnished, plaintiff obtained a temporary restraining order and the matter was heard on the rule for preliminary injunction. Judgment was rendered, granting the preliminary injunction. Judgment was rendered, granting the preliminary in june *139 tion, conditioned on plaintiffs furnishing a $5,000.00 bond, restraining defendants from constructing the median strip in front of plaintiff’s property “so long as the gap in the median strip remains in front of the property adjoining plaintiff on the South.”
From' this judgment, defendants have appealed, alleging that the trial court erred in three respects. First, they allege that the matter should not have been heard summarily, and that their exception to the unauthorized use of summary proceedings should have been maintained. The contention is without merit. The matter before the trial court was an application for a preliminary injunction. Under the provisions of Article 3602 of the Code of Civil Procedure, such an application must be heard not less than two nor more than ten days after service of notice. This suit was filed on June 28, 1974, and the application was heard on July 10. It is not contended that the hearing was not held within the delays provided in Article 3602, supra.
The second assignment of error is that, since no legislative action has been taken to grant or deny plaintiff a cut in the median strip, the court is without authority to usurp this legislative function. Finally, it is contended that plaintiff has failed to show any irreparable injury.
Article 3601 of the Code of Civil Procedure provides that an injunction shall issue in cases in which irreparable injury might otherwise result to the applicant. A preliminary injunction may issue on a prima facie showing that the applicant is entitled to the relief sought, and that irreparable injury would result if the injunction was not issued.
Plaintiff argues that it is entitled to the relief sought because it would otherwise not be receiving the equal protection of the laws. It is argued that, from a traffic safety point of view, there is no more reason for Pak-A-Sak to have a cut in the median than there is for plaintiff to have the same thing. We see no constitutional question involved in the location of median strips on roads and streets. The authority to design, construct and maintain roads and streets is vested in state and local governments, and not in the courts. R.S. 48:21 and 48:481; Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge, Section 3.-01(b). No formal request for a cut has ever been made by plaintiff, so that no legislative action relative thereto could have been taken by the appropriate governing' authority. Neither is plaintiff being deprived of a right which it had previously enjoyed. The temporary removal of the median strip for the purpose of improvement of the street creates no right in plaintiff to prevent its reconstruction.
We further find that plaintiff has failed to show irreparable injury. The worst that can happen relative to the relocation of the median is that it would become more inconvenient for northbound traffic on Acadian to reach plaintiff’s building. If, after trial on the merits, it should appear that plaintiff is entitled, as a matter of law, to the removal of the median strip, it can be removed by defendants.
The judgment appealed from is therefore reversed, and there will be judgment herein denying plaintiff’s application for a preliminary injunction and remanding the case to the trial court for trial on the merits. All costs of this appeal are to be paid by plaintiff, with all other costs to await final determination on the merits.
Reversed and remanded.